UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

ITTA SHNAYDER and ROLAN SHNAYDER,

    Plaintiff,

-against-

IMICO BRICKELL, LLC, EXTELL
DEVELOPMENT COMPANY and INTELL
MANAGEMENT and INVESTMENT
COMPANY,

    Defendants.
-----------------------------------------------------------------X

Docket No.: 08 CV 02803

COMPLAINT



Plaintiff ITTA SHNAYDER and ROLAN SHNAYDER, by their attorneys SYLVOR & RICHMAN, LLP, as and for their Complaint allege:

**THE PARTIES**

1. At all times mentioned in this complaint, Plaintiff ROLAN SHNAYDER was and is a resident of the State of New York.

2. At all times mentioned in this complaint, Plaintiff ITTA SHNAYDER was and is a resident of the State of Florida.

3. To the best of Plaintiffs' knowledge, information and belief Defendant IMICO BRICKELL, LLC., (hereinafter "Imico Brickell") is a Delaware corporation authorized to do business in the State of New York and the State of Florida.

4. To the best of Plaintiffs' knowledge, information and belief Defendant Imico's principal place of business is 225 West 86th Street, New York, N.Y. 10024.

1

5. To the best of Plaintiffs' knowledge, information and belief Defendant INTELL MANAGEMENT and INVESTMENT COMPANY, (hereinafter "Intell Management"), was and is a New York corporation.

6. To the best of Plaintiffs' knowledge, information and belief Defendant Intell Management is a principal of Defendant Imico Brickell with a principal place of business located 805 Third Avenue, New York, N.Y. 10022.

7. To the best of Plaintiffs' knowledge, information and belief Defendant EXTELL DEVELOPMENT COMPANY, (hereinafter "Extell"), was formerly known as Intell Management.

8. To the best of Plaintiffs' knowledge, information and belief Defendant Extell was and is a New York corporation with a principal place of business located 805 Third Avenue, New York, N.Y. 10022.

9. To the best of Plaintiffs' knowledge, information and belief Defendant Extell is a principal of Defendant Imico Brickell.

10. [Intentionally Deleted].

**JURISDICTION and VENUE**

11. This Court has jurisdiction over this matter, pursuant to 28 U.S.C.A. §§ 1332(a), as every issue of law and fact is wholly between citizens of different states and foreign entities.

12. Plaintiff Itta Shnayder is a resident of the State of Florida.

13. Plaintiff Rolan Shnayder is a resident of the State of New York.

14. Defendants are citizens of the State of New York and the State of Delaware.

15. The amount of controversy, exclusive of interest and costs, exceeds the sum of

2

$75,000.00.

16. The Southern District of New York is the proper venue for this action because the subject contract was negotiated and executed in the State of New York, Plaintiff Rolan Schneider is a resident of the State of New York and all three (3) Defendants maintain their respective principle places of business in the State of New York.

## RELEVANT FACTUAL ALLEGATIONS

17. Defendant Imico is a national real estate developer of residential, office, hotel, and retail properties.

18. Defendant Imico is the real estate developer of a new residential condominium development located at 1060 Brickell Avenue, Miami, Fl. 33131, (hereinafter "1060 Brickell Avenue").

19. To the best of Plaintiffs' knowledge, information and belief, 1060 Brickell Avenue contains more than twenty (20) residential units or is part of a group of residential condominiums which will be served by property to be used in common by unit owners of more than twenty (20) residential units.

20. Pursuant to Sections 718.501, 718.502, 718.503, 718.504, *et. seq.*, Florida Statutes and Florida Administrative Code Chapters 61B-17and 61B-18, Defendants were required to file a public offering statement and documents creating the subject condominium with the State of Florida, Department of Business and Professional Regulation, (hereinafter "DBPR") for review and approval.

21. Pursuant to Sections 718.501, 718.502, 718.503, 718.504, *et. seq.*, Florida Statutes and Florida Administrative Code Chapters 61B-17and 61B-18, Defendants cannot close on any sales contracts until the DBPR has approved the offering documents.

22. To the best of Plaintiffs' knowledge, information and belief, in 2004 Defendants Imico filed documents with the DBPR to develop 1060 Brickell Avenue.

23. Included in the documents filed by Defendant IMICO with DBPR, is a proposed Contract for Purchase and Sale to be distributed to all perspective purchasers of condominium units at 1060 Brickell Avenue.

24. To the best of Plaintiffs' knowledge, information and belief, the DBPR approved said proposed contract for purchase and sale to be distributed to all perspective purchasers of condominium units at 1060 Brickell Avenue, (hereinafter "Approved Contract").

25. On September 30, 2005, Plaintiffs entered into an Agreement, (hereinafter the "Agreement"), with Defendant Imico to purchase Unit A1817 at 1060 Brickell Avenue, (hereinafter the "Unit"), for the purchase price of Five Hundred and Thirty Eight Thousand Dollars ($538,000).

26. Pursuant to the terms of the Agreement, Plaintiffs deposited One Hundred Seven Thousand and Six Hundred Dollars ($107,600) with Defendants to be applied to the total purchase price at the closing of the Unit.

27. The Agreement was not filed with the DBPR as required under Sections 718.501, 718.502, 718.503, 718.504, *et. seq.*, Florida Statutes and Florida Administrative Code Chapters 61B-17 and 61B-18.

28. The Agreement was not approved by the DBPR as required under Sections 718.501, 718.502, 718.503, 718.504, *et. seq.*, Florida Statutes and Florida Administrative Code Chapters 61B-17 and 61B-18 prior to its distribution and signature by Plaintiffs.

29. The Agreement signed by Plaintiff and Defendant Imico is not the Approved Contract that Defendant Imico filed with the DBPR.

30. The Agreement signed by Plaintiffs is materially different from the Approved Contract that Defendant Imico filed with the DBPR.

31. Pursuant to Sections 718.501, 718.502, 718.503, 718.504, *et. seq.*, Florida Statutes and Florida Administrative Code Chapters 61B-17 and 61B-18, the Agreement is voidable by Plaintiffs as it was not filed by Defendants with the DBPR and/or approved by the DBPR for distribution.

32. Pursuant to Sections 718.501, 718.502, 718.503, 718.504, *et. seq.*, Florida Statutes and Florida Administrative Code Chapters 61B-17 and 61B-18, Plaintiffs have exercised their right to void the Agreement and have demanded a full refund of their deposit totaling One Hundred Seven Thousand and Six Hundred Dollars ($107,600).

33. Despite repeated requests, Defendants refuse to refund Plaintiffs' deposit totaling One Hundred Seven Thousand and Six Hundred Dollars ($107,600).

34. To the best of Plaintiffs' knowledge, information and belief, on or about June 15, 2005, Defendant Imico filed its First Amendment to the Declaration of 1060 Brickell Avenue with the DBPR.

35. To the best of Plaintiffs' knowledge, information and belief, the First Amendment to the Declaration of 1060 Brickell Avenue materially changed the Declaration that was originally filed with the DBPR and presented to Plaintiff prior to and upon executing the Agreement.

36. To the best of Plaintiffs' knowledge, information and belief, the DBPR approved Defendant Imico's First Amendment to the Declaration of 1060 Brickell Avenue.

37. Defendants are in violation of Sections 718.501, 718.502, 718.503, 718.504, *et. seq.*, Florida Statutes and Florida Administrative Code Chapters 61B-17 and 61B-18 for failing to properly disclose the First Amendment to the Declaration of 1060 Brickell Avenue to Plaintiffs.

38. By failing to properly disclose the First Amendment to the Declaration of 1060 Brickell Avenue to Plaintiff Defendant Imico circumvented Plaintiff's statutory right under Sections 718.501, 718.502, 718.503, 718.504, *et. seq.*, Florida Statutes and Florida Administrative Code Chapters 61B-17 and 61B-18, to review the declaration and exercise their right to cancel the Agreement.

39. As a result, Plaintiffs' Agreement is void and Defendants must be compelled to return Plaintiffs' deposit totaling One Hundred Seven Thousand and Six Hundred Dollars ($107,600) in full, together with interest.

40. On or about February 2, 2006, Defendant Imico provided Plaintiffs with a document entitled "Addendum to Contract for Purchase and Sale of a Condominium Unit in Avenue, A Condominium."

41. To the best of Plaintiffs' knowledge, information and belief, said Addendum was not properly filed with the DBPR and approved/or approved by the same as is required under Sections 718.501, 718.502, 718.503, 718.504, *et. seq.*, Florida Statutes and Florida Administrative Code Chapters 61B-17 and 61B-18.

42. Since said Addendum was not properly filed and approved by the DBPR the Addendum is null and void and has no bearing on the Agreement signed by Plaintiffs.

43. To the best of Plaintiffs' knowledge, information and belief, on or about May 8, 2006, Defendant Imico filed its Second Amendment to the Declaration of 1060 Brickell Avenue with the DBPR.

44. To the best of Plaintiffs' knowledge, information and belief, the Second Amendment to the Declaration of 1060 Brickell Avenue materially changed the Declaration that was originally filed with the DBPR and presented to Plaintiff prior to and upon executing the subject Agreement.

45. To the best of Plaintiffs' knowledge, information and belief, the DBPR approved Defendant Imico's Second Amendment to the Declaration of 1060 Brickell Avenue.

46. Defendants are in violation of Sections 718.501, 718.502, 718.503, 718.504, *et. seq.* and Florida Administrative Code Chapters 61B-17 and 61B-18 for failing to properly disclose the Second Amendment to the Declaration of 1060 Brickell Avenue to Plaintiffs.

47. By failing to properly disclose the Second Amendment to the Declaration of 1060 Brickell Avenue to Plaintiff Defendants circumvented Plaintiff's statutory right under Sections 718.501, 718.502, 718.503, 718.504, *et. seq.*, Florida Statutes and Florida Administrative Code Chapters 61B-17and 61B-18, to review the declaration and exercise their right to cancel the Agreement.

48. As a result, Plaintiffs' Agreement is void and Defendants must be compelled to return Plaintiffs' deposit totaling One Hundred Seven Thousand and Six Hundred Dollars ($107,600) in full, together with interest.

49. To the best of Plaintiffs' knowledge, information and belief, on or about May 8, 2006, Defendant Imico filed its Second Amendment to the Prospectus of 1060 Brickell Avenue with the DBPR.

50. To the best of Plaintiffs' knowledge, information and belief, the Second Amendment to the Prospectus of 1060 Brickell Avenue materially changed the Prospectus that was originally filed with the DBPR and presented to Plaintiff prior to and upon executing the Agreement.

7

51. To the best of Plaintiffs' knowledge, information and belief, the DBPR approved Defendant Imico's Second Amendment to the Prospectus of 1060 Brickell Avenue.

52. Defendant Imico is in violation of Sections 718.501, 718.502, 718.503, 718.504, *et. seq.*, Florida Statutes and Florida Administrative Code Chapters 61B-17and 61B-18 for failing to properly disclose the Second Amendment to the Prospectus of 1060 Brickell Avenue to Plaintiffs.

53. By failing to properly disclose the Second Amendment to the Prospectus of 1060 Brickell Avenue to Plaintiff Defendants circumvented Plaintiff's statutory right under Sections 718.501, 718.502, 718.503, 718.504, *et. seq.*, Florida Statutes and Florida Administrative Code Chapters 61B-17and 61B-18, to review the Prospectus and exercise their right to cancel the Agreement.

54. As a result, Plaintiffs' Agreement is void and Defendants must be compelled to return Plaintiffs' deposit totaling One Hundred Seven Thousand and Six Hundred Dollars ($107,600) in full, together with interest.

55. Based on the Defendants' undeniable violations of Sections 718.501, 718.502, 718.503, 718.504, *et. seq.*, Florida Statutes and Florida Administrative Code Chapters 61B-17and 61B-18 with respect to the Agreement, the Court must compel Defendants to return Plaintiffs' deposit of One Hundred Seven Thousand and Six Hundred Dollars ($107,600) in full, together with interest, attorney's fees, and such other and further relief this Court deems just and proper.

## AS AND FOR A FIRST CAUSE OF ACTION

56. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 55 hereof, as though fully set forth at length herein.

57. On or about September 30, 2005, Plaintiffs entered into the Agreement to purchase the Unit.

58. The Agreement was never filed by Defendants with the DBPR and approved by the DBPR for distribution as required under Sections 718.501, 718.502, 718.503, 718.504, *et. seq.*, Florida Statutes and Florida Administrative Code Chapters 61B-17 and 61B-18.

59. On or about January 9, 2008, Plaintiffs exercised their right to void the Agreement due to Defendants' undeniable violations of Sections 718.501, 718.502, 718.503, 718.504, *et. seq.*, Florida Statutes and Florida Administrative Code Chapters 61B-17 and 61B-18.

60. Since the Agreement has been voided by Plaintiffs, Defendants must be compelled to return Plaintiffs' contract deposit totaling One Hundred Seven Thousand and Six Hundred Dollars ($107,600) in full, together with interest.

## AS AND FOR A SECOND CAUSE OF ACTION

61. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 60 hereof, as though fully set forth at length herein.

62. On or about February 16, 2006, Plaintiffs purportedly signed an "Addendum to Contract for Purchase and Sale of a Condominium Unit in Avenue, A Condominium."[1]

63. Said Addendum materially altered the terms of the Agreement.

64. Said Addendum was never filed and approved by Defendants with the DBPR and approved by the DBPR for distribution as required under Sections 718.501, 718.502, 718.503, 718.504, *et. seq.*, Florida Statutes and Florida Administrative Code Chapters 61B-17 and 61B-18.

65. On or about January 9, 2008, Plaintiffs exercised their right to void said Addendum as it has not been properly filed with by the Defendants with the DBPR and approved by the DBPR for

---

[1] 1060 Brickell Avenue was formerly known as "Avenue, A Condominium."

9

distribution as required under Sections 718.501, 718.502, 718.503, 718.504, *et. seq.*, Florida Statutes and Florida Administrative Code Chapters 61B-17and 61B-18.

66. Since said Addendum has been voided by Plaintiffs, Defendants must be compelled to return Plaintiffs' contract deposit totaling One Hundred Seven Thousand and Six Hundred Dollars ($107,600) in full, together with interest.

### AS AND FOR A THIRD CAUSE OF ACTION

67. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 66 hereof, as though fully set forth at length herein.

68. To the best of Plaintiffs' knowledge, information and belief, on or about May 8, 2006, Defendant Imico filed its Second Amendment to the Declaration of 1060 Brickell Avenue with the DBPR after Plaintiff signed the Agreement on or about September 30, 2005.

69. To the best of Plaintiffs' knowledge, information and belief, the Second Amendment to the Declaration of 1060 Brickell Avenue materially changed the Declaration that was originally filed with by the Defendants the DBPR and presented to Plaintiff prior to and upon executing the Agreement.

70. To the best of Plaintiffs' knowledge, information and belief, the DBPR approved Defendant Imico's Second Amendment to the Declaration of 1060 Brickell Avenue.

71. Defendants are in violation of Sections 718.501, 718.502, 718.503, 718.504, *et. seq.*, Florida Statutes and Florida Administrative Code Chapters 61B-17and 61B-18 for failing to properly disclose the Second Amendment to the Declaration of 1060 Brickell Avenue to Plaintiffs.

72. By failing to properly disclose the Second Amendment to the Declaration of 1060 Brickell Avenue to Plaintiff Defendants purposely circumvented Plaintiff's statutory right under

Sections 718.501, 718.502, 718.503, 718.504, *et. seq.*, Florida Statutes and Florida Administrative Code Chapters 61B-17and 61B-18 to review the declaration and exercise their right to cancel the Agreement.

73. Accordingly, Plaintiffs are within its statutory right under Sections 718.501, 718.502, 718.503, 718.504, *et. seq.*, Florida Statutes and Florida Administrative Code Chapters 61B-17and 61B-18 to void their Purchase Agreement.

74. As a result of Plaintiffs voiding the Agreement, Defendants must be compelled to return Plaintiffs' deposit totaling One Hundred Seven Thousand and Six Hundred Dollars ($107,600) in full, together with interest.

## AS AND FOR A FOURTH CAUSE OF ACTION

75. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 74 hereof, as though fully set forth at length herein.

76. To the best of Plaintiffs' knowledge, information and belief, on or about May 8, 2006, Defendant Imico filed its Second Amendment to the Prospectus of 1060 Brickell Avenue with the DBPR after Plaintiff signed the subject Purchase Agreement on or about September 30, 2005.

77. To the best of Plaintiffs' knowledge, information and belief, the Second Amendment to the Prospectus of 1060 Brickell Avenue materially changed the Prospectus that was originally filed with the DBPR and presented to Plaintiff prior to and upon executing the subject Purchase Agreement.

78. To the best of Plaintiffs' knowledge, information and belief, the DBPR approved Defendant Imico's Second Amendment to the Prospectus of 1060 Brickell Avenue.

79. Defendants are in violation of Sections 718.501, 718.502, 718.503, 718.504, *et. seq.*, Florida Statutes and Florida Administrative Code Chapters 61B-17 and 61B-18 by purposely failing to disclose the Second Amendment to the Prospectus of 1060 Brickell Avenue to Plaintiffs.

80. By failing to disclose the Second Amendment to the Prospectus of 1060 Brickell Avenue to Plaintiff, Defendants purposely circumvented Plaintiffs' statutory right under Sections 718.501, 718.502, 718.503, 718.504, *et. seq.*, Florida Statutes and Florida Administrative Code Chapters 61B-17and 61B-18 to review the Prospectus and exercise their right to cancel the Agreement.

81. Accordingly, Plaintiffs are within its statutory right under Sections 718.501, 718.502, 718.503, 718.504, *et. seq.*, Florida Statutes and Florida Administrative Code Chapters 61B-17and 61B-18 to void the Agreement.

82. As a result of Plaintiffs voiding the Agreement, Defendants must be compelled to return Plaintiffs' deposit totaling One Hundred Seven Thousand and Six Hundred Dollars ($107,600) in full, together with interest.

## AS AND FOR A FIFTH CAUSE OF ACTION

83. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 82 hereof, as though fully set forth at length herein.

84. Defendants have committed an act of fraud by presenting to Plaintiffs the Agreement that was not properly reviewed and approved by the DBPR, as required under Sections 718.501, 718.502, 718.503, 718.504, *et. seq.*, Florida Statutes and Florida Administrative Code Chapters 61B-17and 61B-18.

85. Defendants had knowledge, prior to presenting the Agreement for signature that the same was not properly reviewed and approved by the DBPR, as required under Sections 718.501, 718.502, 718.503, 718.504, *et. seq.*, Florida Statutes and Florida Administrative Code Chapters 61B-17 and 61B-18.

86. Defendants intentionally represented to Plaintiffs that the Agreement was properly reviewed and approved by the DBPR in order to induce Plaintiffs to sign the same.

87. Plaintiffs have been injured by Defendants in that the Agreement that they signed did not offer them the same rights and terms afforded to other perspective purchasers who signed the Approved Agreement.

88. Based on the fraud committed by Defendants, the Court must compel Defendants to return Plaintiffs' deposit of One Hundred Seven Thousand and Six Hundred Dollars ($107,600) in full, together with interest, attorneys fees, and such other and further relief this Court deems just and proper.

## AS AND FOR A SIXTH CAUSE OF ACTION

89. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 88 hereof, as though fully set forth at length herein.

90. Defendants have committed an act of fraud by presenting to Plaintiffs an "Addendum to Contract for Purchase and Sale of a Condominium Unit in Avenue, A Condominium" on or about February 16, 2006.

91. Said Addendum was not properly reviewed and approved by the DBPR, as required under Sections 718.501, 718.502, 718.503, 718.504, *et. seq.*, Florida Statutes and Florida Administrative Code Chapters 61B-17 and 61B-18.

92. Defendants had knowledge, prior to presenting the said Addendum for signature that the same was not properly reviewed and approved by the DBPR, as required under Sections 718.501, 718.502, 718.503, 718.504, *et. seq.*, Florida Statutes and Florida Administrative Code Chapters 61B-17 and 61B-18.

93. Defendants intentionally represented to Plaintiffs that said Addendum was properly reviewed and approved by the DBPR in order to induce Plaintiffs to sign the same.

94. Plaintiffs have been injured by Defendants in that the Agreement that they signed did not offer them the same rights and terms afforded to other perspective purchasers who signed the Approved Agreement.

95. Based on the fraud committed by Defendants, the Court must compel Defendants to return Plaintiffs' deposit of One Hundred Seven Thousand and Six Hundred Dollars ($107,600) in full, together with interest, attorneys fees, and such other and further relief this Court deems just and proper.

## AS AND FOR A SEVENTH CAUSE OF ACTION

96. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 95 hereof, as though fully set forth at length herein.

97. Defendants are in violation of New York General Business Law Section 352-e.

98. Pursuant to New York General Business Law Section 352-e it is illegal and prohibited for any person, partnership, corporation, company, trust or association, or any agent or employee thereof, to make or take part in a public offering or sale in or from the State of New York of securities constituted of participation or investments in real estate unless and until there shall have been filed

with the department of law, prior to such offering, a written statement or statements concerning the contemplated offering.

99. Pursuant to New York Real Estate Financing Rules and Regulations Section 20 "[a] sponsor of a condominium located outside of New York State which makes or takes part in a public offering or sale in or from the State of New York of condominium units must file an offering plan with the Office of the Attorney General. To comply with this requirement, the sponsor of an out-of-state plan may file a complete offering plan drafted in accordance with New York law and this Part. In the alternative, the Office of the Attorney General may, in its discretion, allow the sponsor to file the offering plan approved by or filed with the state or jurisdiction in which the condominium is located and an addendum with such additional information as is required by the Office of the Attorney General. Sponsor must represent that the plan complies with all applicable local laws."

100. Plaintiff Rolan Shnayder was and is a resident of the State of New York.

101. The Agreement was negotiated and executed by Plaintiff Rolan Shnayder in the State of New York.

102. To the best of Plaintiffs' knowledge, information and belief, Defendants did not file any offering statements and/or offering plan with the State of New York with respect to 1060 Brickell Avenue, despite the fact that the sale was negotiated and executed in the State of New York.

103. Defendants are in violation of New York General Business Law Section 352-e and New York Real Estate Financing Rules and Regulations Section 20 for failing to file any offering statements and/or offering plan of the State of New York with respect to 1060 Brickell Avenue while selling condominium units in the new development to New York State residents.

104. As a result of Defendants' violation, Defendants must be compelled to return Plaintiffs' deposit, totaling One Hundred Seven Thousand and Six Hundred Dollars ($107,600), in full.

## AS AND FOR AN EIGHT CAUSE OF ACTION

105. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 104 hereof, as though fully set forth at length herein.

106. In the alternative, Defendants are liable to Plaintiffs for breach of contract.

107. The Agreement was entered on September 30, 2005.

108. The Agreement explicitly guarantees that the construction of 1060 Brickell Avenue and the Unit would be completed within two (2) years of September 30, 2005.

109. 1060 Brickell Avenue and the Unit were not completed on or before September 30, 2007.

110. By reason of the forgoing, Defendants are in breach of the Agreement for failing to complete the construction of 1060 Brickell Avenue and the Unit on or before September 30, 2007.

111. As a result of the breach of the Agreement by Defendants must be compelled to return Plaintiffs' deposit, totaling One Hundred Seven Thousand and Six Hundred Dollars ($107,600), in full.

## AS AND FOR A NINTH CAUSE OF ACTION

112. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 111 hereof, as though fully set forth at length herein.

113. Pursuant to Sections 718.501, 718.502, 718.503, 718.504, *et. seq.*, Florida Statutes, Defendants must be compelled to pay Plaintiffs' costs and legal fees arising out of this lawsuit.

114. Pursuant to New York General Business Law, Defendants must be compelled to pay Plaintiffs' costs and legal fees arising out of this lawsuit.

115. In the alternative, the Prospectus (Offering Circular) relating to 1060 Brickell Avenue states that "[i]n disputes between a Unit Owner and the Developer .... the prevailing party shall be entitled to recover its reasonable costs and attorneys' fees, inclusive of Court costs and attorneys' fees incurred in any appellate proceeding."

116. Accordingly, Defendants must be compelled to pay Plaintiffs' costs and legal fees arising out of this lawsuit.

WHEREFORE, Plaintiffs ITTA SHNAYDER and ROLAN SHNAYDER respectfully demands that Judgment be entered in their favor for monetary damages against Defendants, plus awarding Plaintiff costs, attorney's fees, expenses, disbursements, interest and such other and further relief as to this Court may deem just and proper.

Dated: New York, New York
March 17, 2008

Yours, etc.,
SYLVOR & RICHMAN, LLP

By: _____
BORIS SORIN, ESQ. (BS-9689)
Attorneys for Plaintiff
605 Third Avenue – 15th Floor
New York, N.Y. 10158